**FILED & ENTERED**

**NOV 08 2017**

**CLERK U.S. BANKRUPTCY COURT
Central District of California
BY** romero    **DEPUTY CLERK**

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA
# RIVERSIDE DIVISION

| | |
|---|---|
| In re:<br><br>Miriam Louise Preisendanz<br><br>Debtor(s). | Case No: 6: 17-bk-10702-MH<br><br>Chapter: 13<br><br>**MEMORANDUM DECISION AND ORDER OVERRULING DEBTOR'S MOTION FOR ORDER DISALLOWING CLAIM**<br><br>**Hearing Held**:<br><br>Date: October 19, 2017<br>Time: 12:30 p.m.<br>Courtroom: 303<br>Location: 3420 Twelfth Street,<br>Riverside, CA 92501 |

## B<small>ACKGROUND</small>:

On January 28, 2017, Miriam Preisendanz ("Debtor") filed a Chapter 13 voluntary petition. Debtor's Chapter 13 plan was confirmed on March 15, 2017.

On May 16, 2017, American Express Bank, FSB ("American Express") filed an unsecured claim in the amount of $11,316.57 ("Claim 10"). On July 22, 2017, Debtor filed an objection to Claim 10, on the basis that the claim was beyond the four year statute of limitations. On August 16, 2017, American Express filed a response, arguing that the applicable statute of limitations was that of Utah, that the Utah statute of limitations for its claim was six years, and that, therefore, the claim was not barred.

On August 31, 2017, the Court held a hearing on the matter. The hearing was continued for supplemental briefing and evidence from both parties. Specifically, the Court requested additional evidence regarding the nature of the most recent activity on the subject account, which was characterized in American Express's evidence as an "agency remittance." On September 21, 2017, American Express filed a supplemental response. On October 13, 2017, Debtor filed a supplemental reply. The Court held a continued hearing on the matter on October 19, 2017.

## APPLICABLE LAW:

Pursuant to 11 U.S.C. § 502(a), a proof of claim is deemed allowed unless a party in interest objects. Absent an objection, a proof of claim constitutes *prima facie* evidence of the validity and amount of the claim under Federal Rule of Bankruptcy Procedure ("FRBP") 3001(f). *See Lundell v. Anchor Constr. Specialists, Inc.,* 223 F.3d 1035, 1039 (9th Cir. 2000). When a party files an objection to a proof of claim, that filing "creates a dispute which is a contested matter" within the meaning of FRBP 9014 and the Court must resolve the matter after notice and opportunity for hearing upon a motion for relief. *Id.*

When a creditor has filed a proof of claim that complies with the rules (thereby giving rise to the presumption of validity), the burden shifts to the objecting party who must "present evidence to overcome the *prima facie* case." *In re Medina*, 205 B.R. 216, 222 (9th Cir. B.A.P. 1996). To defeat the claim, the objecting party must provide sufficient evidence and "show facts tending to defeat the claim by probative force equal to that of the allegations of the proofs of claim themselves." *Lundell*, 223 F.3d at 1039 (*quoting In re Holm*, 931 F.2d 620, 623 (9th Cir. 1991)). "The objector must produce evidence,

which, if believed, would refute at least one of the allegations that is essential to the claim's legal sufficiency." *Lundell*, 223 F.3d at 1040 (*quoting In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173-74 (3d Cir. 1992)). If the objecting party produces sufficient evidence to negate one or more of the sworn facts in the proof of claim, the burden reverts back to the claimant to prove the validity of the claim by a preponderance of the evidence. *See In re Consol. Pioneer Mort*, 178 B.R. 222, 226 (9th Cir. BAP 1995), *aff'd*, 91 F.3d 151 (9th Cir. 1996) (*quoting Allegheny Int'l*, 954 F.2d at 173-74). The ultimate burden of persuasion remains at all times on the claimant. *See Lundell*, 223 F.3d at 1039; *see also Holm*, 931 F.2d at 623.

## ANALYSIS:

Debtor argues that the statute of limitations is four years for American Express's claim and that American Express's claim is therefore barred. CAL. CODE CIV. P. § 337(2) provides for a statute of limitations of four years for:

> An action to recover (1) upon a book account whether consisting of one or more entries; (2) upon an account stated based upon an account in writing, but the acknowledgement of the account stated need not be in writing; (3) a balance due upon a mutual, open and current account, the items of which are in writing; provided, however, that where an account stated is based upon an account of one item, the time shall begin to run from the date of said item, and where an account stated is based upon an account of more than one item, the time shall begin to run from the date of the last item.

CAL. CODE CIV. P. § 337(1) provides that the statute of limitations is also four years for claims based upon a contract.

American Express's response is that the Cash Rebate Cardmember Agreement includes a choice of law provision that identifies Utah as the governing law. American Express further asserts that the statute of limitations for its claim is six years under Utah law, and that, therefore, its claim is not barred. The Cash Rebate Cardmember Agreement states, under the section applicable law:

- 3 -

> This Agreement and your Account, and all questions about their legality, enforceability and interpretation, are governed by the laws of the State of Utah (without regard to internal principles of conflicts of law), and by applicable federal law. We are located in Utah, hold your Account in Utah, and entered into this Agreement with you in Utah.

As is noted by American Express, the Ninth Circuit, relying on the RESTATEMENT (SECOND) OF CONFLICT OF LAWS § 142, previously stated:

> The application of § 142 compels the conclusion that California's shorter statute of limitations does not apply here, because the case presents the sort of "exceptional circumstances" under which the 1988 version of the Second Restatement looks past the law of the forum, and applies a longer foreign limitations period. The Restatement, to be sure, does not provide an exhaustive or technical definition of an exceptional circumstance. Nevertheless, the comment to the 1988 version of § 142 makes clear that the present case comes within that category. Indeed, this case is on all fours with the Restatement's *only* example of what would constitute such a "special," "unjust" circumstance: "[W]hen through no fault of the plaintiff an alternative forum is not available as, for example, where jurisdiction could not be obtained over the defendant in any [other] state . . ."

*In re Sterba*, 852 F.3d 1175, 1180 (9th Cir. 2017). In the absence of any argument to the contrary, the Court finds that Utah law provides the applicable statute of limitations.

While American Express argues that the statute of limitations in Utah for credit card debt is six years, Utah's statutes are unclear. The Court of Appeals of Utah recently stated:

> As both parties agree, the question of which limitations period applies to actions on credit card accounts is an issue of first impression in Utah. Stocks argues that the four-year period applicable to "open store account[s] for [the purchase of] any good, wares, or merchandise" and to "open account[s] for work, labor or services rendered, or materials furnished," *see* UTAH CODE ANN. § 78B-2-307, is the correct one; Asset Acceptance contends that it should be the six-year period applicable to "any contract, obligation, or liability founded upon an instrument in writing," *see id.* § 78B-2-309. In other jurisdictions where a similar issue has been addressed, the results have been mixed and often involve statutory language that differs from our own in ways that may or may not be significant. And the question presented here is an important one that deserves attention, whether judicial or legislative, given the universality of credit cards in our society and the number of collection cases involving credit card debt that make their way into our courts. But precisely because the issue is important and may have widespread impact, we decline to attempt to resolve an issue of first impression in a case with the sort of procedural deficits this one contains.

*Asset Acceptance LLC v. Stocks*, 376 P.3d 322, 327 (Ct. App. Utah 2016) (footnotes omitted). UTAH CODE ANN. § 78B-2-307(1) states:

>An action may be brought within four years:
>
>>(1) after the last charge is made or the last payment is received:
>>
>>>(a) upon a contract, obligation, or liability not founded upon an instrument in writing
>>>
>>>(b) on an open store account for any goods, wares, or merchandise; or
>>>
>>>(c) on an open account of work, labor or services rendered, or materials furnished.

And UTAH CODE. ANN. § 78B-2-309(2) states:

>An action may be brought within six years:
>
>>(2) upon any contract, obligation, or liability founded upon an instrument in writing, except those mentioning in Section 78B-2-311

In equivocating upon the statute of limitations, the Court of Appeals of Utah left a footnote identifying several states that had addressed the situation. *Stocks*, 376 P.3d 322, 327 n.3. The split identified by the Court of Appeals of Utah appears to center on whether the reviewing court believed that a credit card agreement should be interpreted as a written contract or an oral contract; i.e. whether a credit card agreement was sufficient to satisfy the formalities of contract formation. *Compare, e.g.*, *Portfolio Acquisitions LLC v. Feltman*, 391 Ill. App. 3d. 642, 651-52 (App. Ct. Ill. 2009) ("Accordingly, the contract at issue is considered to be an oral contract for purpose of the statute of limitations and the five-year period of section 13-205 applies.") *with Hill v. Am. Express*, 289 Ga. App. 576, 577-78 (Ct. App. Ga. 2008) (credit card agreement is written contract).

American Express appears to have anticipated this analysis, including in its opposition a brief argument that Utah law recognizes a credit card agreement as a written contract. *See In re Cluff*, 313 B.R. 323, 334 (Bankr. D. Utah. 2004) ("Under the test this Court has articulated, these credit card debts are based on

writing."). This argument is unconvincing, primarily because *In re Cluff* was not interpreting Utah law, but, rather, the Federal Rules of Bankruptcy Procedure.[1] *Id.*

The Court notes, however, that UTAH CODE ANN. § 25-5-4(2)(e) states:

> (e) A credit agreement is binding and enforceable without any signature by the party to be charged if:
> > (i) the debtor is provided with a written copy of the terms of the agreement;
> > (ii) the agreement provides that any use of the credit offered shall constitute acceptance of those terms;
> > (iii) after the debtor receives the agreement, the debtor, or a person authorized by the debtor, requests funds pursuant to the credit agreement or otherwise uses the credit offered.

Here, the agreement clearly satisfied the second requirement. The Court finds that the evidence submitted by American Express in its supplemental response is sufficient to satisfy the requirements (i) and (iii). Therefore, because the requirements of UTAH CODE ANN. § 25-5-4(2)(e) have been satisfied, the Court concludes that a Utah court would find the written credit agreement enforceable. *See, e.g.*, *MBNA Am. Bank, N.A. v. Goodman*, 140 P.3d 589, 592 (Ct. App. Utah 2006). If the credit agreement is enforceable, then the claim of American Express would appear to be founded upon an instrument in writing, and the six year statute of limitations would apply.

Exhibit A provided by American Express indicates that on April 18, 2011, there was a $15 agency remittance, which is referred to by American Express as a "payment." The evidence submitted by American Express in its supplemental response, taken together with the discussion on the record, indicates that the agency remittance constitutes funds received by a collection agency, and that it is the practice of the collection agency to remit those funds to American Express within a short period of

---

[1] The Court also notes that the rule the Court was interpreting, FED. R. BANKR. P. Rule 3001, has since been amended to carve out credit cards from the general category of claims based on writings.

time.[2] The Court finds that the evidence submitted by American Express to be credible and to adequately establish that a payment was made by Debtor within six years of the petition date.

### CONCLUSION

Because Debtor made a payment on Claim 10 within six years of the petition, Claim 10 is not barred by the statute of limitations. Therefore, Debtor's claim objection is OVERRULED.

IT IS SO ORDERED.

### ###

---

[2] The supplemental declaration submitted by American Express asserts that the agency remittances are: "posted by American Express within 24 to 48 hours of receipt of payment by the agency." [Dkt. No. 43-5, ¶ 11].

Date: November 8, 2017

Mark Houle
United States Bankruptcy Judge